UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| AMERICAN FAMILY MUTUAL | ) |
|---|---|
| INSURANCE COMPANY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CAUSE NO: 3:07-CV-409-TS |
| | ) |
| THOMAS HOLLEMAN, *et al.*, | ) |
| | ) |
| Defendants. | ) |

**OPINION AND ORDER**

This matter is before the Court on a Motion for Summary Judgment [DE 19], filed by the Plaintiff on July 10, 2008, and a Motion for Summary Judgment [DE 29], filed by Defendants Thomas Holleman and Betty Chambers on September 4. These Motions have been fully briefed and are now ripe for ruling.

**BACKGROUND**

**A.     The State Civil Case**

On November 3, 2006, Lonny Foresman and John Pavlekovich, both officers with the St. Joseph County Police, instituted a civil action (Cause Number 71D06-0611-CT-00232) against Betty Chambers and Thomas Holleman by filing a complaint in the St. Joseph Superior Court. The complaint alleges that on February 11, 2005, Officers Foresman and Pavlekovich responded to 59960 St. Joseph Street, South Bend, Indiana, at the request of Adult Protective Services to check on the welfare of Chambers. Holleman, the caretaker of Chambers, permitted the officers to enter Holleman's residence. According to the complaint, the officers attempted to arrest and handcuff Holleman, but Holleman resisted. Chambers is alleged to have struck Foresman over

the head with her wooden cane, and the officers struggled with Chambers and Holleman as they placed them under arrest. The original complaint filed alleges that Chambers and Holleman acted maliciously and oppressively and touched Foresman and Pavlekovich in a rude, insolent, or angry manner, causing injury to Foresman and Pavlekovich. The complaint requests compensatory and punitive damages.

On February 12, 2007, the case was transferred to the St. Joseph Circuit Court in Mishawaka, under Cause Number 71C01-0702-CT-00031. On March 7, 2008, Officers Foresman and Pavlekovich filed an amended complaint. The amended complaint repeats many of the allegations from the original complaint and alleges that Holleman's actions "were negligent and/or malicious and oppressive and constitute battery in that . . . he engaged in a touching of the plaintiffs in a rude, insolent or angry manner." (Am. Compl. ¶ 6.) The amended complaint also alleges that Chambers's actions "were malicious and oppressive and constitute battery in that she engaged in a touching of the plaintiffs in a rude, insolent or angry manner." (Am. Compl. ¶ 7.) The amended complaint requests compensatory and punitive damages.

**B.     The State Criminal Cases**

Both Holleman and Chambers were charged with resisting law enforcement and battery. On March 9, 2006, a judgment of conviction and sentencing order was entered against Holleman on a jury's finding of guilt on the charge of resisting law enforcement, but not on the charge of battery. On May 15, 2007, a judgment of conviction and sentencing order was entered against Chambers on a jury's finding of guilt on the charge of battery.

### C. The Federal Declaratory Judgment Case

On August 31, 2007, American Family Mutual Insurance Company instituted this action by filing its Complaint for Declaratory Judgment [DE 1], seeking a declaration that its policy issued to Defendant Holleman does not cover any of the claims asserted by Officers Foresman and Pavlekovich in the state court civil action and that it has no duty to defend or indemnify Defendants Holleman and Chambers.

On July 10, 2008, Plaintiff American Family filed a Motion for Summary Judgment [DE 19] and a Brief in Support [DE 20]. The Plaintiff submitted affidavits and exhibits in support, including the insurance policy and the amended complaint filed by Officers Foresman and Pavlekovich in the state court civil action. On September 4, Defendants Holleman and Chambers filed a Motion for Summary Judgment [DE 29] and a Memorandum in Support of their Motion for Summary Judgment and in Response to the Plaintiff's Motion for Summary Judgment [DE 30]. Defendants Holleman and Chambers submitted affidavits and exhibits in support of their Motion. On September 8, Officers Foresman and Pavlekovich submitted a Memorandum in Opposition to Plaintiff's Motion for Summary Judgment [DE 33] and supporting materials. On October 3, Plaintiff American Family submitted a Brief in Opposition to Defendant Holleman's Motion for Summary Judgment and Reply Brief [DE 39]. On October 14, Defendants Holleman and Chambers filed a Brief in Reply [DE 40].

## SUMMARY JUDGMENT STANDARD

The Federal Rules of Civil Procedure provide that motions for summary judgment should be granted "if the pleadings, the discovery and disclosure materials on file, and any affidavits

show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). A genuine issue of material fact exists when "'there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party.'" *AA Sales & Assocs. v. Coni-Seal, Inc.*, 550 F.3d 605, 608–09 (7th Cir. 2000) (quoting *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 249 (1986)). Under Rule 56(e)(2), a party opposing a properly made and supported motion for summary judgment "may not rely merely on allegations or denials in its own pleading; rather its response must—by affidavits or as otherwise provided in this rule—set out specific facts showing a genuine issue for trial." If appropriate, summary judgment should be entered against a party who fails to so respond. Fed. R. Civ. P. 56(e)(2); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) (holding that a court should enter summary judgment, after adequate time for discovery, against a party "who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial"). A court's role on summary judgment is not to weigh the evidence, make credibility determinations, or decide which inferences to draw from the facts, but instead to determine whether there is a genuine issue of triable fact. *Anderson,* 477 U.S. at 255; *Washington v. Haupert*, 481 F.3d 543, 550 (7th Cir. 2007); *Payne v. Pauley*, 337 F.3d 767, 770 (7th Cir. 2003). Thus, a court in ruling on a summary judgment motion construes all facts in the light most favorable to the nonmoving party and draws all reasonable inferences in that party's favor. *AA Sales & Assocs.*, 550 F.3d at 609.

# FACTS

On February 11, 2005, Officers Foresman and Pavlekovich visited the premises at 59960 Saint Joseph Street, South Bend, Indiana, and encountered Defendants Holleman and Chambers. Based upon this encounter and events that occurred at the residence, Officers Foresman and Pavlekovich instituted a state court civil action against Defendants Holleman and Chambers. In that state court civil action, Officers Foresman and Pavlekovich are seeking compensatory and punitive damages for personal injuries caused by the actions of Holleman on February 11, 2005, that are alleged to have been "*negligent* and/or malicious and oppressive and constitute battery in that . . . he engaged in a touching of the plaintiffs in a rude, insolent or angry manner," (Am. Compl. ¶ 6) (emphasis added), and by the actions of Chambers on February 11, 2005, that are alleged to have been "malicious and oppressive and constitute battery in that she engaged in a touching of the plaintiffs in a rude, insolent or angry manner," (Am. Compl. ¶ 7).

Defendant Holleman owned the premises at 59960 Saint Joseph Street, South Bend, Indiana. Plaintiff American Family issued an Indiana Homeowners Gold Star Special Deluxe Policy to Defendant Holleman that covered these premises.

The policy defines "insured" as follows:

a. Insured means you and, if residents of your household:
(1) your relatives; and
(2) any other person under the age of 21 in your care or in the care of your resident relatives.

(Policy at 13, DE 21-3.) Defendant Holleman is the named insured on the policy, but Defendant Chambers is not an insured under the policy.

The insurance policy includes personal liability coverage because of bodily injury caused by an occurrence covered by the policy. It states:

> We will pay, up to our limit, compensatory damages for which any insured is legally liable because of bodily injury or property damaged caused by an occurrence covered by this policy.
>
> Defense Provision.
> If a suit is brought against any insured for damages because of bodily injury or property damage caused by an occurrence to which this policy applies, we will provide a defense at our expense by counsel of our choice. We will defend any suit or settle any claim for damages payable under this policy as we think proper.

(Policy at 21, DE 21-3.) The term "occurrence" is defined as "an accident, including exposure to conditions, which results during the policy period, in . . . bodily injury; or . . . property damage."

(Policy at 13, DE 21-3.) The policy excludes from personal liability coverage the following:

> 10. Intentional Injury. We will not cover bodily injury or property damage caused intentionally by or at the direction of any insured even if the actual bodily injury or property damage is different than that which was expected or intended from the standpoint of any insured.
> . . .
> 17. Violation of Law. We will not cover bodily injury or property damage arising out of:
>     a. violation of any criminal law for which any insured is convicted . . . .

(Policy at 23, DE 21-3.) The policy also expressly excludes punitive damages, stating that "[w]e will not cover punitive or exemplary damage." (Policy at 24, DE 21-3.)

For the events that occurred on February 11, 2005, at his house, Defendant Holleman was convicted of resisting law enforcement, but not battery, and Defendant Chambers was convicted of battery.

**DISCUSSION**

**A.     The Parties' Arguments and Concessions**

In its Motion for Summary Judgment and Brief in Support, Plaintiff American Family argues that it is entitled to summary judgment on the following issues: that Defendant Chambers is not an insured under the insurance policy; that the insurance policy's criminal act exclusion excludes coverage for Defendants Holleman and Chambers; that the insurance policy's intentional acts exclusion excludes coverage for Defendant Chambers; that Defendant Chambers's conduct was not an "accident" as required by the policy; that the policy does not cover any claims of Officers Foresman and Pavlekovich against Defendants Chambers and Holleman for punitive damages; and that the Plaintiff has no duty to defend Defendants Holleman and Chambers if there is no coverage. Thus, Plaintiff American Family contends that, under the language of the policy, it does not have a duty to defend or indemnify Defendants Holleman and Chambers in the state court civil action brought against them by Officers Foresman and Pavlekovich.

In their Memorandum in Support of their Motion for Summary Judgment and in Response to Plaintiff's Motion for Summary Judgment, Defendants Holleman and Chambers concede that Defendant Chambers is not covered under the policy, and thus they do not answer Plaintiff American Family's arguments and submissions regarding Defendant Chambers. More specifically, they state that Defendant Chambers is not an insured under the policy, that Plaintiff American Family owes no duty to defend Defendant Chambers as to claims asserted by Officers Foresman and Pavlekovich, and that even if Defendant Chambers were an insured, the exclusions regarding intentional acts and violations of laws would preclude coverage of claims

7

asserted against her because she was convicted of battery. (Defs. Holleman & Chambers's Mem. & Resp. 5, 12-13 & 18.) Defendants Holleman and Chambers also concede that they are not entitled to be indemnified as to any punitive damages sought in the underlying state court civil action. (Defs. Holleman & Chambers's Mem. & Resp. 12.)

Considering the arguments and materials submitted by Plaintiff American Family, the concessions of Defendants Holleman and Chambers, the insurance policy, and the pending state court civil action, the Court finds that Plaintiff American Family is entitled to judgment as a matter of law that it has no duty to defend or indemnify as to the claims asserted by Officers Foresman and Pavlekovich against Defendant Chambers or as to any claims they have asserted for punitive damages in the state court civil action. The Court will, therefore, grant the Plaintiff's Motion for Summary Judgment as to all claims asserted against Defendant Chambers in the state court civil action and as to the claims for punitive damages asserted against Defendants Holleman and Chambers.

However, Defendant Holleman and Officers Foresman and Pavlekovich argue that the Plaintiff's Motion for Summary Judgment should be denied (and Defendant Holleman's Motion for Summary Judgment granted) as to the Plaintiff's duty to defend and indemnify Defendant Holleman in the pending state court civil action. Specifically, the Defendants argue that Plaintiff American Family owes Defendant Holleman a duty to defend and indemnify under the insurance policy and that no policy exclusion applies to the bodily injury claims asserted against Defendant Holleman in the state court civil action.

B.  **The Relevant Standards Governing Insurance Contracts**

As a federal court siting in diversity, the Court applies state law to resolve substantive questions. *Harper v. Vigilant Ins. Co.*, 433 F.3d 521, 525 (7th Cir. 2005). None of the parties has raised a conflict of law issue. Instead, the parties assume that Indiana law applies, and thus this Court will apply the substantive law of Indiana in addressing the pending summary judgment motions. *Mass. Bay Ins. Co. v. Vic Koenig Leasing, Inc.*, 136 F.3d 1116, 1120 (7th Cir. 1998) (stating that "the operative rule is that when neither party raises a conflict of law issue in a diversity case, the federal court simply applies the law of the state in which the federal court sits"). Generally, the interpretation or construction of a written contract such as an insurance policy is a question of law for which summary judgment is appropriate. *Cinergy Corp. v. Associated Elec. & Gas Ins. Servs.*, 865 N.E.2d 571, 574 (Ind. 2007); *see also Fed. Ins. Co. v. Stroh Brewing Co.*, 127 F.3d 563 (7th Cir. 1997) (interpreting insurance policy and determining insurer's duty to defend as a matter of law).

Under Indiana law, insurance policies are subject to the same rules of construction as other contracts. *See Mortorists Mut. Ins. Co. v. Wroblewski*, 898 N.E.2d 1272 (Ind. Ct. App. 2009). Clear and unambiguous words in insurance contracts are given their plain and ordinary meaning, but ambiguous language is construed in favor of the insured. *Beam v. Wausau Ins. Co.*, 765 N.E.2d 524, 528 (Ind. 2002); *Eli Lilly & Co. v. Home Ins. Co.*, 482 N.E.2d 467, 470 (Ind. 1985); *see also Schenkel & Schultz, Inc. v. Homestead Ins. Co.*, 119 F.3d 548, 550 (7th Cir. 1997) (applying Indiana law and instructing that courts must enforce unambiguous insurance contracts according to their plain meaning, even if that limits the coverage available). Ambiguity in an insurance contract exists when it is reasonably susceptible of more than one interpretation

and reasonable people would honestly differ as to its meaning, but a contract is not ambiguous merely because the parties advance different interpretations. *Beam*, 765 N.E.2d at 528; *Indiana Bell Tel. Co. v. Time Warner Commc'ns of Ind.,* 786 N.E.2d 301, 309–10 (Ind. Ct. App. 2003).

An insurer's duty to defend is a contractual duty, and this duty is broader than its duty to indemnify. *Federal Ins.*, 127 F.3d at 566 (citing *Seymour Mfg. Co. v. Commercial Union Ins. Co.*, 665 N.E.2d 891, 892 (Ind. 1996)); *Nat'l Fire & Cas. Co. v. West By & Through Norris*, 107 F.3d 531, 535 (7th Cir. 1997); *Hoosier Ins. Co. v. Audiology Foundation of Am.*, 745 N.E.2d 300, 306 (Ind. Ct. App. 2001). Although an insurance company can limit its duty to defend, *cf. Walton v. First Am. Title Ins. Co.*, 844 N.E.2d 143, 147 (Ind. Ct. App. 2006) (stating that if the pleadings reveal that a claim is excluded under the policy, then no defense is required), an insurer is generally obligated to defend its insured against suits alleging facts that might fall within the coverage of the policy, *Federal Ins.*, 127 F.3d at 566.

Under Indiana law, an insurer's "duty to defend is determined solely by the nature of the complaint," and "[w]hen the nature of the claim is obviously not covered by the policy of insurance, there is no duty to defend." *Transamerica Ins. Servs. v. Kopko*, 570 N.E.2d 1283, 1285 (Ind. 1991). When a complaint sounds in intentional tort as well as in negligence, "the insurance company is required to defend even though it may not be responsible for all of the damages assessed, so long as there is an element of negligence to be determined." *Id.* Furthermore, "[w]here an insurer's independent investigation of the facts underlying a complaint against its insured reveals a claim is patently outside of the risk covered by the policy, the insurer may properly refuse to defend." *Freidline v. Shelby Ins. Co.*, 774 N.E.2d 37, 42–43 n.6 (Ind. 2002). Thus, if proof of any of the allegations could lead to coverage, then a duty to defend

10

exists regardless of the merits of the allegations, making the duty to defend broader than the duty to indemnify. *Federal Ins.*, 127 F.3d at 566 (stating that "there is essentially only one standard—that the allegations of the complaint, including the facts alleged, give rise to a duty to defend whenever, if proved true, coverage would attach").[1]

## C. The Negligence Claim Asserted by Foresman and Pavlekovich Against Holleman

Plaintiff American Family has asked the Court to determine as a matter of law that it has no duty to defend and indemnify Defendant Holleman in the pending state court civil action. There is no dispute among the parties that Defendant Holleman is an insured under the American Family insurance policy, that the policy includes personal liability coverage for bodily injury caused by an occurrence covered by the policy, that an occurrence is an accident that results in bodily injury, and that the policy imposes upon Plaintiff American Family a duty to defend and indemnify Defendant Holleman when bodily injury is caused by an occurrence covered by the policy. There is also no dispute that the policy excludes coverage when bodily injury was caused intentionally by the insured or arises out of a violation of any criminal law for which the insured is convicted.

There also appears to be no dispute that Officers Foresman and Pavlekovich, in their amended complaint in the pending state court civil action, claim that Defendant Holleman acted negligently (in addition to maliciously, oppressively, and intentionally) and caused bodily injuries they allegedly suffered on February 11, 2005, at Defendant Holleman's house. This allegation of negligence is important, and the Plaintiff has not shown that the nature of this claim

---

[1] The Court finds persuasive Judge Tinder's reconciliation of *Kopko*, *Freidline*, and similar authorities. *See Trinity Homes LLC v. Ohio Cas. Ins. Co.*, No. 1:04-CV-1920, 2007 WL 1021825, at *4–7 (S.D. Ind. Mar. 30, 2007).

11

is obviously not covered by the policy or that the facts related to the negligence claim alleged in the amended complaint are patently outside of the risk covered by the policy. To the contrary, issues of fact exist regarding the bodily injuries suffered by Officers Foresman and Pavlekovich and the causes of those injuries. Furthermore, issues of fact also exist as to whether the bodily injuries suffered by Officers Foresman and Pavlekovich were caused by any intentional conduct by Defendant Holleman and whether these bodily injuries arise out of Defendant Holleman's violation of criminal law for which he was convicted. Defendant Holleman (the named insured under the policy) was only convicted of resisting law enforcement, not battery, but Defendant Chambers (not an insured under the policy) was convicted of battery. For these reasons, the Court will deny the Plaintiff's Motion for Summary Judgment and grant Defendant Holleman's Motion for Summary Judgment as to the Plaintiff's duty to defend Defendant Holleman in the pending state court civil action.

## CONCLUSION

For the foregoing reasons, the Court now GRANTS IN PART and DENIES IN PART Plaintiff American Family's Motion for Summary Judgment [DE 19], and GRANTS Defendants Thomas Holleman and Betty Chambers's Motion for Summary Judgment [DE 29].

By a separate order, the Court will set this matter for a status conference.

The parties are ORDERED to submit, in advance of the status conference, an agreed proposed form of order (or, in the event the parties cannot agree, proposed forms of order) entering the appropriate declaratory relief consistent with this Opinion and Order addressing the parties' summary judgment motions.

SO ORDERED on February 3, 2009.

                                               S/ Theresa L. Springmann
                                               THERESA L. SPRINGMANN, JUDGE
                                               UNITED STATES DISTRICT COURT